**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEPHEN M. McELYEA,**

    **Plaintiff,**

**vs.**                                       **Case No.: 8:11-CV-869-T-30EAJ**

**COLORADO SPRINGS UTILITIES,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a **Motion to Proceed In Forma Pauperis**.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (2006), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citation omitted).

Section 1915 permits the court to dismiss the complaint if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint pursuant to § 1915 is governed by Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] The District Judge referred the motion to the undersigned (Dkt. 2).

Furthermore, a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

The court construes pro se filings liberally. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Nevertheless, pro se parties are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Further, despite the leniency afforded to pro se plaintiffs, the court does not have "license to . . . rewrite an otherwise deficient pleading." GJR Inv., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).

Plaintiff's complaint is a single paragraph that details the difficulties that Plaintiff had with his former employer, Defendant Colorado Springs Utilities, which is located in Colorado Springs, Colorado. According to Plaintiff, he was ridiculed and ostracized by management and slapped in the back of his head by a supervisor. Plaintiff alleges that these circumstances caused him mental distress and left him afraid to return to work.

Plaintiff's complaint does not contain a short and plain statement of the grounds for the court's jurisdiction or a short and plain statement showing that he is entitled to relief. See Fed. R. Civ. P. 8(a). Accordingly, and upon consideration, it is **RECOMMENDED** that:

    (1)    Plaintiff's **Motion to Proceed In Forma Pauperis** (Dkt. 2) be **DENIED WITHOUT PREJUDICE**; and

    (2)    Plaintiff be granted an opportunity to file an amended complaint; and

    (3)    Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. M.D. Fla. R. 3.10(a).

 

*/s/ Elizabeth A. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

Dated: April 25, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1) (2009).

Copies to:
Pro se Plaintiffs
Counsel of Record
District Judge

3